## CIRCUIT COURT OF LOUDOUN COUNTY

Thompson et al.

v.

Adamson et al.

March 9, 1994

Case No. (Chancery) 14873

BY JUDGE THOMAS D. HORNE

This case is before the Court on Defendants' request for sanctions pursuant to § 8.01–271.1, Code of Virginia, as amended. Defendants assert that both Complainants and their counsel should be held accountable to them for fees, costs, and damages suffered as a result of various violations of that statute.

Central to the resolution of the instant claim is whether Complainants and/or their counsel signed or otherwise made a pleading, motion, or other paper in the course of these proceedings in violation of the required certification that: (i) they had read the pleading, motion, or other paper, (ii) to the best of their knowledge, information, and belief, formed after reasonable inquiry, such pleading, motion, or other paper was well grounded in fact and warranted by existing law, and (iii) such pleading, motion, or other paper was not interposed for any improper purpose, such as to harass or as to cause unnecessary delay or needless increase in the cost of the litigation.

Except as specifically noted herein, the Court cannot conclude on the evidence before it that Complainants violated the rule with respect to the initiation and continuation of this case. They have represented that they in part relied on previous statements of the Defendants in making certain factual allegations. Such actions do not amount to an abuse of the judicial process. *Oxenham v. Johnson*, 241 Va. 281 (1991).

The Court does find the answers contained in the Answers to Defendants' Third Interrogatories to Complainant to be violative of the stat-

ute and subject to sanction. In their answer to Interrogatory No. 1, the Complainants responded, *inter alia*, that:

> [e]ven if it were possible to physically construct the bridge, such bridge could not actually be constructed *due to the inability to get the proper permissions from various authorities as such construction would disrupt the environment, etc.* (Emphasis added.)

Such allegations were not grounded in fact and, upon a reasonable inquiry, would have been found to have been groundless. As a result of asserting such claim, Defendants were required to expend considerable sums in having the firm of Patton, Harris, Rust & Associates conduct a study of the flood plain.

It is the Court's opinion that the four Defendants should be sanctioned in this case in the amount of $3,196.99, representing the costs of the flood plain study. That sum shall be equally divided and payable by the Defendants to the Complainants or their assignee.